IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02320-PAB-NRN

DAVID JOSHUA BARTCH

    Plaintiff,

v.

MACKIE A. BARCH, individually and in his capacity as a Trustee of the Barch Family Enterprises Trust;
KIMBERLY BARCH, individually and in her capacity as Trustee of the Barch Family Resource Trust; and
JUSTIN BARCH, in his capacity as Trustee of the Barch Family Resource Trust,

    Defendant(s).

---

## DEFENDANTS' MOTION TO DISMISS
---

Pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(3), Defendants Mackie A. Barch, Kimberly Barch, and Justin Barch ("Defendants") respectfully move to dismiss the Complaint ("Complaint") filed by Plaintiff David Joshua Bartch ("Plaintiff"). For the reasons stated herein, this action should be dismissed because the Court lacks personal jurisdiction over the defendants and venue is improper in this Court.

### Introduction

The Complaint fails to allege facts sufficient to support this Court exercising personal jurisdiction over Defendants. The Colorado long-arm statute does not reach the Defendants for at least three reasons. First, the allegations in the Complaint do not involve any business conducted in Colorado. Second, there are insufficient minimum contacts between the Defendants—all citizens and residents of Maryland—and

Colorado to satisfy due process requirements.  Finally, both at the time the alleged transactions forming the basis of the Complaint occurred, and when the Complaint was filed, Plaintiff was no longer a resident of Colorado.

Venue is improper in this Court because all allegations in the Complaint involve Maryland citizens and residents and events that occurred exclusively in Maryland.  The alleged transfers were made in Maryland, to Trusts organized under the laws of Maryland.  Neither the Defendants, individually or in their capacities as Trustees, nor the alleged transfers have any connection to Colorado that would render venue proper in this Court.

## The Complaint's Allegations

Plaintiff David Joshua Bartch is a resident and citizen of Puerto Rico.  ECF No. 1, ¶ 2.  Defendants are and have been, at all relevant times, residents and citizens of Maryland.  *Id.* at ¶¶ 3–6. Plaintiff's allegations involve certain transfers Defendant Mackie Barch ("Mackie") made to his wife, Kimberly Barch ("Kimberly"), involving Mackie's shares in Trellis Holdings, Maryland, Inc. ("Trellis"), as well as transfers that both Mackie and Kimberly made to the Barch Family Enterprises Trust ("Enterprises Trust") and the Barch Family Resource Trust ("Resource Trust" and, together with the Enterprises Trust, the "Trusts").  *Id.* at ¶¶ 18–24.  Mackie is the sole Trustee of the Enterprises Trust, and Kimberly and Defendant Justin Barch ("Justin") are the Trustees of the Resource Trust.  *Id.* at ¶¶ 4, 7.

In 2018, plaintiff filed suit in this Court against Mackie and Trellis, styled *Bartch v. Barch*, et al., Case No. 18-cv-03016-RBJ-NYW ("Bartch I").  Bartch I involved an

alleged contract between Plaintiff and Mackie relating to Plaintiffs' asserted interest in an entity called Doctors Orders Maryland LLC, now known as Culta, LLC. *Id.* at 12–15. Neither Kimberly nor Justin, in their personal capacities or as Trustees of the Trusts, were parties to that alleged contract nor the litigation over it. The Court entered judgment in Plaintiff's favor in Bartch I on September 7, 2022, just one day prior to the filing of this case, and awarded Plaintiff $6,400,000. *Id.* at ¶ 16. The judgment in Bartch I is subject to a pending motion under Fed. R. Civ. P. 59 to alter or amend the judgment.

In February 2021, as part of his estate-planning, Mackie worked with an estate-planning attorney to facilitate the transfer of some of his assets to the Trusts. *Id.* at 19–24. Mackie, as sole owner, president, and director of Trellis, recapitalized Trellis's stock and transferred a portion to his wife, Kimberly. *Id.* at ¶ 19. Mackie and Kimberly subsequently transferred most of those shares to the Trusts. *Id*. Collectively, these are the transfers Plaintiff alleges were fraudulently made in an attempt to shield Mackie's assets from a judgment that was entered over a year-and-a-half after Mackie engaged in his estate-planning transfers, and which is still subject to a pending post-judgment motion. *Id.* at ¶ 50; Bartch I, ECF No. 177.

## Argument

### I.     This Court Lacks Personal Jurisdiction Over All Defendants

This action should be dismissed because this Court lacks personal jurisdiction over the Defendants. Plaintiff cannot meet his burden of showing that jurisdiction is proper under Colorado's long-arm statute, or that this Court's exercise of personal jurisdiction over the Defendants would comport with due process. See *Nat'l Bus.*

*Brokers, Ltd. v. Jim Williamson Productions, Inc.*, 115 F. Supp. 2d 1250, 1253 (D. Colo. 2000).

The 10th Circuit Court of Appeals has previously described the jurisdictional analysis that a district court sitting in diversity jurisdiction in Colorado must make:

> We must initially determine whether the exercise of jurisdiction is sanctioned by the Colorado long-arm statute, which is a question of state law . . . and then determine whether the exercise of jurisdiction comports with the due process requirements of the Constitution.

*Wentz v. Memery Crystal*, 55 F.3d 1503, 1506–07 (10th Cir. 1995).  Plaintiff has failed to satisfy either requirement.

      A.    <u>Plaintiff Cannot Satisfy the Requirements of Colorado's Long-Arm Statute</u>

Colorado's long-arm statute cannot reach the defendants.  "Jurisdiction of the district court over a nonresident defendant in a suit based on diversity is determined by the law of the forum state."  *Wentz*, 55 F.3d at 1506 (citing Fed. R. Civ. P. 4(e)).  Colorado's long-arm statute provides, in pertinent part, that a person submits to a Colorado court's jurisdiction by "[e]ngaging in . . . any cause of action arising from…[t]he transaction of any business within this state."  Colo. Rev. Stat. § 13-1-124(1)(a).

Plaintiff alleges Mackie transacted business in Colorado pertaining to a contract not at issue in this case with Plaintiff in Colorado.  However, the causes of action alleged by Plaintiff in this case deal with transactions that occurred in Maryland, between citizens and residents of Maryland and Trusts organized under the laws of Maryland, not transactions concerning that other contract or any contracts which involve Plaintiff.  No cause of action in this case arose from a contract between Mackie and Plaintiff.

Neither Kimberly nor Justin were parties to the contract referred to by Plaintiff, nor does Plaintiff allege they engaged in or transacted any business in Colorado. The Complaint alleges no facts that any of the Defendants engaged in or transacted business in Colorado concerning the causes of action Plaintiff alleges.

Because Plaintiff has failed to allege facts sufficient to show that Colorado's long-arm statute reaches defendants, the Court should dismiss the Complaint.

  B. <u>Defendants have insufficient contacts with Colorado to satisfy due process.</u>

Colorado's long-arm statute extends the exercise of personal jurisdiction to the full extent of the Due Process Clause of the Fourteenth Amendment. *Nat'l Bus. Brokers, Ltd.*, 115 F. Supp. 2d at 1253. "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (quoting *International Shoe Co. v. State of Washington*, 326 U.S. 310, 319 (1945)).

Due process first requires the Defendants to have sufficient "minimum contacts" with the forum state. *International Shoe*, 326 U.S. at 316. A state can exercise either general jurisdiction or specific jurisdiction over a defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). It is unclear from the Complaint whether Plaintiff is alleging that the Court has general jurisdiction or specific jurisdiction over Defendants, but Plaintiff fails to meet his burden under either analysis.

    i. *Plaintiff cannot show that the Court has General Jurisdiction over Defendants.*

General jurisdiction requires a defendant to have "'continuous and systematic' contacts with the forum, even if those contacts are unrelated to the pending litigation." *Allison v. Wise*, 621 F. Supp. 2d 1114, 1117 (D. Colo. 2007) (citing *Helicopteros*, 104 S.Ct. at 1872). For individual defendants, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler AG v. Brown*, 564 U.S. 915, 919 (2014). Defendants are all citizens and residents of Maryland.

Factors courts have considered when analyzing a defendant's contact with the forum include "the frequency of a defendant's travel to the forum state, frequency and amount of work a defendant performed in the forum state, and whether a defendant owned property in the forum state." *International Beauty Products, LLC v. Beveridge*, 402 F. Supp. 2d 1260, 1272 (D. Colo. 2005) (citing *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1544 (10th Cir. 1996) (holding that general jurisdiction was not appropriate where the individual did a small amount of business in Colorado, visited the state often, belonged to the Tenth Circuit Bar, had previously lived in Colorado, and owned property in Colorado)).

Plaintiff has alleged no facts that would even allow the Court to analyze those factors, let alone find that there is general jurisdiction over Defendants. Plaintiff refers to a contract formed in Colorado between himself and Mackie but makes no further factual allegations concerning "continuous and systematic" contacts with Colorado that could serve as a foundation for general jurisdiction. ECF No. 1 at ¶¶ 10, 12–13. Plaintiff alleges no facts that Kimberly or Justin have had any contacts with Colorado that would rise to the level of "continuous and systematic" contacts.

Plaintiff has not met his burden to show that the Court has general jurisdiction over defendants.

        *ii.    Plaintiff cannot show that the Court has Specific Jurisdiction over Defendants.*

"Specific jurisdiction exists when the defendant's contacts with the forum state arise from, or are directly related to, the plaintiff's cause of action." *Allison*, 621 F. Supp. 2d at 1117 (citing *Burger King*, 471 U.S. at 472). Here, all allegations concern events which occurred in Maryland, between citizens and residents of Maryland, involving Trusts formed under the laws of Maryland. ECF No. 1 at ¶¶ 18–19.

Plaintiff alleges that the Court has jurisdiction over Mackie because Plaintiff and Mackie entered into a contractual relationship at a time when Plaintiff was a Colorado resident. The Supreme Court has held a "plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). This Court has stated "[m]erely entering into a contract with a Colorado person or business, or merely making payments under the terms of an agreement payable in the state, may not be enough to support specific jurisdiction if in-state parties initiated the transaction with out-of-state parties." *White v. Christian*, 474 F. Supp. 3d 1196, 1202 (D. Colo. 2020) (citing *New Frontier Media, Inc. v. Freeman*, 85 P.3d 611, 614 (Colo. App. 2003) ("When the only alleged basis for jurisdiction is a contract between a resident plaintiff and a nonresident defendant, the necessary minimum contacts are not present to confer personal jurisdiction over such a defendant."). *See also SGI Air Holdings II LLC v. Novartis Int'l, AG*, 192 F.Supp.2d 1195, 1202 (D.Colo.2002) ("the law is clear that a party does not submit itself to personal jurisdiction in a distant forum simply by entering

into a contract with a party that resides in that forum"); *Weeks v. Snyder*, No. 1:19-cv-02133-RMR-SKC, 2021 WL 8155441 (D. Colorado Dec. 10, 2021).

Even if that other contract were sufficient to support specific jurisdiction in the case where that contract was at issue, that contract is not the basis of the causes of action Plaintiff asserts in this case.  Additionally, neither Kimberly nor Justin were parties to that contract nor were they parties to the litigation surrounding the contract referred to by Plaintiff in the complaint.

This Court has stated "[m]ere economic impact in the forum is not sufficient to establish personal jurisdiction over [defendants]." *Nat'l Bus. Brokers, Ltd.*, 115 F. Supp. 2d at 1255.  The Tenth Circuit Court of Appeals has also refused to exercise specific jurisdiction based solely on the location where the alleged economic loss or injury occurred.  *See Wentz*, 55 F.3d at 1508.  In this case, Plaintiff would not even be experiencing the alleged injury in Colorado because he is not currently a Colorado resident, nor was he a Colorado resident at the time of the alleged transfers at issue or when he filed the Complaint in this case.  Although Plaintiff states that he moved to Puerto Rico "in early 2021," he had apparently moved out of Colorado by at least October 13, 2020.  See ECF No. 1 at ¶ 2; Exhibit A, Puerto Rico Department of State, Registry of Corporations and Entities, Corporation Information for MAVDB Consulting, LLC (listing plaintiff's address as of October 13, 2020 as 6 Ave. Luis Muñoz Rivera, PH 1001, SAN JUAN, PR 00918).

The Supreme Court has refused to find that a state court has jurisdiction over a defendant in a case "involving no in-state injury and no injury to residents of the forum

State." *Bristol-Myers Squibb Company v. Superior Court of California*, 137 S. Ct. 1773, 1782 (2017).  Although Plaintiff makes multiple conclusory statements suggesting that Defendants' actions in effectuating the transfers were directed at Plaintiff as a resident of the forum state, Plaintiff was not even a resident of the forum state when the transfers were made and those conclusory statements are insufficient to show that Defendants' actions were directed at Plaintiff.  *See, e.g.*, ECF No. 1 at ¶¶ 1, 10–11, 17, 35, 41, 51–54, 59.  To hold otherwise would be to use the merits of Plaintiff's claims to establish personal jurisdiction over the Defendants.  However, as previously stated, a "plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285.

For this Court to exercise specific jurisdiction over Defendants, the Defendants must have "purposefully directed" some activities at Colorado.  *See Grynberg Petroleum Co. v. Evergreen Energy Partners, LLC*, 485 F. Supp. 1217, 1225 (D. Colo. 2007).  The Complaint is absent any showing that any of Defendants' alleged actions were directed at Colorado or a resident of Colorado.  This Court has refused to exercise personal jurisdiction over Defendants based on contracts not at issue in the case.  *See id.* at 1224 (declining to exercise personal jurisdiction over defendants who purchased a partial interest in an agreement that was signed in Colorado with Colorado parties); *Circle A Drilling Co. v. Sheehan*, 251 F. Supp. 242 (D. Colo. 1966) (declining to exercise personal jurisdiction in a suit filed on a note executed in Montana even though the underlying contract that served as partial consideration for the note was substantially negotiated and executed in Denver).

Plaintiff has failed to establish that defendants have purposefully directed any of their alleged activities at Colorado. Therefore, the Court should grant defendants' motion to dismiss for lack of personal jurisdiction.

## II.     Venue is Not Proper in this Court

In addition to a lack of personal jurisdiction, this case should be dismissed because venue is improper in this Court. Plaintiff bears the burden to show that venue is proper, and because venue is designed to protect defendants, "in determining what events or omissions give rise to a claim, the focus [is] on relevant activities of the defendant, not of the plaintiff." *Fodor v. Hartman*, No. 05-cv-02539-PSF-BNB, 2006 WL 1488894 at *3–4 (D. Colo. May 30, 2006) (quoting *Goff v. Hackett Stone Co.*, 185 F.3d 874 at *1 (Table), 1999 WL 397409 (10th Cir. June 17, 1999)).

Plaintiff asserts that "[v]enue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Specifically, pending litigation in this District gave rise to the [allegedly] fraudulent transfers at issue in this case." ECF No. 1 at ¶ 9. However, plaintiff is conflating the issues in Batch I and his alleged claims in the present case. Under 28 U.S.C. § 1391(b):

A civil claim may be brought in:

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

The events or omissions recited by Plaintiff, which Plaintiff alleges give rise to his purported claim, did not occur in Colorado. Plaintiff's claims are based on allegedly

fraudulent transfers.  All transfers alleged in the Complaint occurred in Maryland, between Maryland citizens, residents, and Trusts organized under the laws of Maryland. Venue is not based on where an alleged injury has occurred or could potentially occur. The transfers do not involve any property that is situated in Colorado, nor is Plaintiff a resident of Colorado.  The transfers involved shares of Trellis Holdings Maryland, Inc., a Maryland corporation, in which Plaintiff was not granted an ownership interest (the judgment in Bartch I was a money judgment).

The Complaint is devoid of any facts alleging that any of the events occurred in Colorado, let alone a "substantial part" of them.  Because venue is improper in this Court, Defendants' Motion to Dismiss should be granted.

## CONCLUSION

Because the Court lacks personal jurisdiction over Defendants and because venue is improper, Defendants' Motion to Dismiss should be granted.

Dated:  November 17, 2022

| | |
|---|---|
| **BALLARD SPAHR LLP**<br>By:  /s/ Matthew A. Morr<br>Matthew A. Morr (#35913)<br>Michael L. Schuster, Esq. (#51773)<br>1225 17th Street, Suite 2300<br>Denver, CO  80202<br>Telephone:  303-292-2400<br>Fax:  303-296-3956<br>Email:  morrm@ballardspahr.com<br>schusterm@ballardspahr.com<br>*Attorney for Defendants* | **GORDON FEINBLATT LLC**<br>s/David S. Musgrave<br>David S. Musgrave<br>Gordon Feinblatt, LLC<br>1001 Fleet Street, Suite 700<br>Baltimore, MD 21202<br>Telephone: (410) 576-4194<br>Email: dmusgrave@gfrlaw.com<br>*Attorney for Defendants* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of November, 2022, I filed the forgoing Defendants' Motion to Dismiss for through the Court's CM/ECF system which will generate and transmit a notice of electronic filing to the following:

Jonathan A. Helfgott, Esquire
LAHTI HELFGOTT LLC
1624 MARKET Street, Suite 202
Denver, CO 80202
Attorney for Plaintiff

Paul H. Schwartz, Esquire
Daniel M. Jozwiak
SHOEMAKER GHISELLI + SCHWARTZ LLC
1811 Pearl Street
Boulder, CO 80302
Attorneys for Plaintiff

*s/ Sherri L. Clark*